**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

CHRISTOPHER BARNES,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-7390

D.C. No. 2:23-cv-00142-LRS

MEMORANDUM*

---

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted April 24, 2026**
Seattle, Washington

Before: W. FLETCHER and KOH, Circuit Judges, and RAYES, District Judge.***

Christopher Barnes appeals from the district court's judgment affirming an

Administrative Law Judge's (ALJ) denial of his application for disability insurance

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

"We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  Substantial evidence "means—and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 108 (2019) (internal quotation marks and citation omitted).

1. Barnes challenges the ALJ's full discounting of the opinion of Arthur Flores, PA-C, and the ALJ's partial discounting of four other opinions.  For claims filed after March 27, 2017, the ALJ must articulate the persuasiveness of all medical opinions in the record based on factors set forth in the regulations, giving most weight to supportability and consistency.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The ALJ's finding that the opinion of Arthur Flores, PA-C, was unpersuasive was supported by substantial evidence.  Flores's opinion was presented on a three-page form consisting of checkboxes accompanied by brief handwritten comments.  While we agree with Barnes that the ALJ went a step too far in characterizing the opinion as a "checkbox form" with "no treatment notes" (there were, in fact, brief treatment notes), the ALJ was correct in concluding that

Flores's opinion offered "no more than . . . generalized explanation[s]."

The ALJ was "partially persuaded" by the opinion of Dr. Erin Morrison. The ALJ reasonably concluded that Dr. Morrison's more limiting language was "not consistent" with the longitudinal record and with "Dr. Morrison's own opinions on [Barnes's] mostly moderate limitations." *Cf.* 20 C.F.R. § 404.1520c(c)(2).

The ALJ was "partially persuaded" by the opinion of Dr. Joyce Everhart. Even accepting all of Dr. Everhart's opinion as true, the ALJ's nondisability determination is still supported by substantial evidence. Dr. Everhart noted that Barnes's "persistence and pace are good," that he "remains on task," "does not appear easily distracted," and could "listen, understand, remember, and follow simple instructions." She found that Barnes is "likely to have difficulty adjusting to changes in the work routine," but did not find him incapable of carrying out a work routine. Thus, even accepting Dr. Everhart's opinion as fully persuasive would not "alter[] the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ was "largely persuaded" by the opinion of Dr. Nicholas Wiarda, and declined to accept only the portion of Dr. Wiarda's opinion concerning social limitations. The ALJ found that portion inconsistent with other evidence, noting repeated indications of Barnes's responsiveness and cooperative demeanor during

examinations with other treating providers.

Barnes claims that the ALJ "improperly reject[ed] the disabling opinion" of Dr. Rubin, but that is inaccurate. The ALJ found Dr. Rubin's opinion "largely persuasive," and "mostly adopted it." The ALJ deviated from Dr. Rubin's opinion only in concluding that Barnes has a mild, rather than moderate, limitation in interacting with others.

2. In order to secure a disability determination at step three under the mental impairment listings asserted, Barnes would need to establish one "extreme" limitation or two "marked" limitations under the Paragraph B criteria. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02B, 12.04B, 12.06B, 12.11B, 12.15B. The ALJ found that Barnes has (1) a marked limitation in understanding, remembering or applying information; (2) a mild limitation in interacting with others; (3) a moderate limitation in concentrating, persisting or maintaining pace; and (4) a moderate limitation in adapting or managing oneself.

Barnes argues that he should have been assessed as having a marked limitation in concentrating, persisting or maintaining pace. Except for Arthur Flores's partial-checkbox form, which the ALJ reasonably discounted, none of the opinions in the record clearly support such a marked limitation.

3. Barnes next challenges the ALJ's discounting of his own testimony. Where there is no evidence of malingering, an ALJ "can reject the claimant's

4                                                                                          24-7390

testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ did so here, relying *inter alia* on a lack of objective evidence in the longitudinal record supporting greater limitations, Barnes's activities of daily living, a relative lack of treatment pursued despite having health insurance, Barnes's part-time security work after his brain injury, and Barnes's own statements in the record.

4. Finally, the ALJ's residual functional capacity (RFC) determination and step-five determination were supported by substantial evidence. The ALJ assessed a restrictive RFC limiting Barnes to "simple, routine, repetitive tasks consistent with a reasoning level of 1" in a "routine, predictable work environment with no more than occasional changes and no assembly-line or fast-paced work." The ALJ's step-five determination that there exist jobs in the national economy that Barnes can perform follows directly from that RFC. The restrictions in the RFC are consistent with Barnes's limitations assessed at step three and discussed above, and are therefore supported by substantial evidence in the record.

**AFFIRMED.**

24-7390